# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 17-1102V
Filed: May 4, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DUSTIN LOGAN, | * |
| Petitioner, | * |
| v. | * Attorneys' fees and costs decision; |
| | * Reasonable attorneys' fees and costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |
| Respondent. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Nancy R. Meyers, Greensboro, NC, for petitioner.
Darryl R. Wishard, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 16, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that influenza ("flu") vaccine he received on October 14, 2014 and October 26, 2015 caused his Guillain-Barré syndrome ("GBS"). Pet. Preamble.

On April 24, 2018, the parties filed a stipulation in which they agreed to settle this case and described the settlement terms. Respondent denies that the flu vaccine caused or significantly aggravated petitioner's alleged injury or any other injury. Nonetheless, the parties agreed to resolve this matter informally. On April 24, 2018, the undersigned issued a decision

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

awarding compensation in the amount and on the terms set forth in the stipulation.   Judgment entered on April 26, 2018.

On May 3, 2018, petitioner filed an application for attorneys' fees and costs, requesting attorneys' fees of $19,482.50 and attorneys' costs of $308.03, for a total request of $19,790.53.

On May 4, 2018, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).   Resp. at 2.   Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs."   Id. at 3.   On the same day, petitioner filed a reply concurring with respondent's response.   Reply at 1.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).   The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.   Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees and costs request reasonable.   Therefore, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.   Accordingly, the court awards **$19,790.53**, representing attorneys' fees and costs incurred by Ward Black Law. The award shall be in the form of a check made payable jointly to petitioner and Ward Black Law in the amount of **$19,790.53**;

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: May 4, 2018                                                                     /s/ Laura D. Millman
                                                                                            Laura D. Millman
                                                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.